Dillingham v. Brown.

R. W. WALKER, J., not sitting.

| 38 | 311 |
| 120 | 198 |
| 122 | 208 |
| 122 | 405 |
| 122 | 514 |

## DILLINGHAM *vs.* BROWN.

[REAL ACTION IN NATURE OF EJECTMENT.]

1. *Proof of execution of deed.*—Where there are no attesting witnesses to a deed, executed by the grantor in an official character, proof of his handwriting, and of his official character at the date of the deed, is sufficient proof of its execution.
2. *What constitutes color of title and adverse possession.*—A tax-collector's deed is color of title, and possession taken and held under it is adverse possession.
3. *Against whom statute of limitation runs.*—Although the statute of limitations does not run against the United States, it runs against any private individual who holds such a legal title as, without a patent, will support an ejectment.
4. *Indian reservation; what title will support ejectment.*—A transfer by a Creek Indian of his reservation under the treaty of 1832, approved by the president of the United States, confers on the transferree such title as will support an ejectment; but an assignment or transfer of such approved contract, not under seal, does not convey such title to the assignee.

APPEAL from the Circuit Court of Russell.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by George W. Dillingham,

against Benjamin G. Brown, to recover an undivided fifth part of a certain tract of land, with damages for its detention ;. and was commenced on the 27th February, 1858. The defendant.pleaded not guilty, with leave to give in evidence any special matter of. defense. The plaintiff derived title under a patent from the United States, dated the 29th September, 1857, which recited, that the land was the reservation of a Creek Indian under the treaty of 1832, and that the reservee had. sold and conveyed it on the 30th April, 1834, with the approval of the . president of the United States, to one Mills, who afterwards transferred it to one Mims, who afterwards transferred it to one Cowart, who afterwards transferred one-fifth to the plaintiff. The defendant claimed under a tax-collector's deed to one Kemp, dated the 3d April, 1843, and a quit-claim deed from Kemp to himself, dated the 20th August, 1844; and proved, that he had been in possession since 1845, claiming title. The court admitted the tax-collector's deed in evidence, on proof of the grantor's handwriting, and of his. official character at the date of the deed;. and the quit-claim deed from Kemp, on proof of his handwriting. "The plaintiff objected to the admission of each deed as evidence, because mere proof of. the handwriting of the grantor did not authorize their introduction for any purpose, and because they showed no defense available against his patent;" and reserved an exception to the overruling of his objection. The defendant offered in evidence a certified transcript from the records of the general land-office at Washington, containing the approved contract for the sale of the land by the reservee, together with the several assignments thereof, on which the plaintiff's patent was founded. The plaintiff objected to the admission of the transfers as evidence, "because they were not under seal, and, therefore, conveyed no legal title;" but the court overruled his objections, and he excepted. There was other evidence in the case, and other exceptions reserved by the plaintiff, which require no particular notice. The court charged the jury, "that, if they believed all the evidence, they must find for

the defendant; to which charge the plaintiff excepted, and which he now assigns as error, together with the several rulings of the court on the evidence.

GEO. D. HOOPER, for appellant.
GOLDTHWAITE, RICE & SEMPLE, *contra.*

R. W. WALKER, J.—This suit was commenced on the 27th February, 1858. The bill of exceptions states, that "the defendant proved, that he had cleared and built on the tract in 1845, under a tax-title, and had been continually in possession ever since, claiming title;" and as evidence of the tax-title, the deed of W. D. Paylor, tax-collector of Russell county, dated 3d April, 1843, conveying the land to one Kemp, and the quit-claim deed of Kemp, dated 20th August, 1844, conveying to the defendant, were introduced. It does not appear that there were attesting witnesses to either of these deeds; and this being so, evidence of the handwriting of the grantors, and of the official character of Paylor at the time of the tax-sale and the date of his deed, was sufficient proof of their execution.—3 Phill. Ev. (C. & H.'s Notes, ed. 1843,) pp. 1273–4, 1307, 1453–4; 1 *ib.* 476.

[2.] The tax-collector's deed was color of title, and the possession taken and held under it, was adverse possession. Blackwell on Tax Titles, 665, *et seq.; Hearick v. Doe,* 4 Ind. 164; *Crommelin v. Minter,* 24 Ala. 352; *Pillow v. Roberts,* 13 How. 472, 477.. Conceding that the tax-title was originally invalid, yet possession held under it, for more than ten years, must bar the claim of the true owner, unless there is something connected with the latter's title, which renders the statute of limitations inapplicable to him.

[3.] It is supposed that, because the patent under which the plaintiff claims was not issued until the 29th September, 1857, the statute of limitations did not until then begin to run against him, and the defendant's prior possession under color of title did not operate a bar. It is true, that the

statute of limitations does not run against the government; but it is equally true, that it does run against a private individual who holds a legal title, and is capable of maintaining ejectment.

[4.] It is too late now to doubt, that the *approved* conveyance of a Creek Indian reservee, under the treaty of 1832, vests in the grantee, even before any patent is issued, a legal title upon which he may maintain ejectment for the recovery of the land.—*Jones v. Inge*, 5 Porter, 327 ; *Fipps v. McGehee*, *ib.* 413 ; *Rosser v. Bradford*, 9 Porter, 354 ; *Stevens v. King*, 21 Ala. 432 ; *Long v. McDougald*, 23 Ala. 413 ; *Tarver v. Smith*, at the last term. As the grantee may thus sue for the recovery of the land, there is no reason why the statute of limitations should not run against him. It was shown that the land in controversy was a Creek Indian reservation under the treaty of 1832 ; that the reservee sold and conveyedthe same to Columbus Mills; and that the conveyance was approved by the president, on 30th April, 1834. By this conveyance, Mills acquired a legal title, which gave him the right to maintain ejectment ; and the transfers proved on the trial did not divest him of the right and title thus obtained, if for no other reason, because they were unsealed writings.—*Thrash v. Johnson*, 6 Porter, 458 ; *Ansley v. Nolan*, *ib.* 379 ; *Tarver v. Smith*, at the last term. When, therefore, the defendant took possession under his tax-title, in 1845, there was in Mills a right to recover in ejectment, which would have continued to reside in him until the patent was issued in 1857, if, in the meantime, it had not been barred by the defendant's adverse possession.

The patent shows, upon its face, that it was founded upon, and connected with, the reservee's conveyance to Mills and the transfers subsequently made. It is, indeed, but the completion of the inchoate legal title, which was vested by the reservee's conveyance, and which was sufficient, of itself, to support ejectment ; and as the pre-existing title on which the patent was founded, had been barred by the adverse possession of the defendant, before the issu-

ance of the patent, the right of the defendant is not affected by it.—See, further, *Goodlet v. Smithson*, 5 Porter, 245 ; *Stevens v. Westwood*, 25 Ala. 716 ; *Jones v. Inge*, 5 Porter, 327 ; *Bullock v. Wilson*, *ib.* 338.

As, on the facts proved, the statute of limitations presented a complete defense to the action, it is not necessary for us to notice the other defense relied. on.

Judgment affirmed.