# Ladd *v.* Dubroca.

*Real Action in the nature of Ejectment.*

1. *Tax-collector's deed of land; when color of title.*—A tax-collector's deed of land sold for payment of taxes, without proof of his authority to sell, may constitute a claim and color of title, the element of an adverse possession.

2. *Charges; when properly refused.*—The court is not bound to modify or reform instructions requested; and if asked in terms which may mislead, or require explanation or modification, they may be refused.

3. *Adverse possession; what not necessary to constitute.*—Color of title is not necessary to constitute an adverse possession, on which the statute of limitations will operate, or which will avoid a conveyance by one out of possession; a *bona fide* claim of title openly asserted as hostile to the true owner, renders the possession adverse.

4. *Same; when commences under tax title.*—If a purchaser at tax sale of lands, enters into possession under the purchase, before the delivery of the deed, *bona fide* claiming title, his possession is adverse from its inception, and not merely from the date of the delivery of the deed; though its delivery may be necessary to constitute color of title.

5. *Same; what does not break continuity of.*—The forcible interruption of possession by a naked trespasser, redressed by legal remedies, can not be set up by him to break the continuity of an adverse possession.

APPEAL from the Circuit Court of Mobile.

Tried before Hon. HENRY T. TOULMIN.

This was a real action under the Code, brought by the appellant, John M. Ladd, against the appellee, Sylvester Dubroca, to recover possession of a certain tract of land situated in Mobile county. The case was tried on the plea of the general issue.

On the trial, the plaintiff introduced Vol. 3 of the American State Papers; Public Lands, vol. 3, page 10, No. 67, being No. 234 Land Claims east and west of Pearl river, communicated to the House of Representatives January 5, 1816.—Report No. 3, No. of Registry 67—and an act of Congress relating thereto confirming a grant by the Spanish Government of the lands in controversy to John, Daniel, and Benjamin Ward; and produced evidence tending to show that John Ward died on or about the year 1839, and that he had a son named Daniel, who had also died a few years ago. There was also evidence tending to show the execution of a deed conveying all their interest in the premises in controversy to the plaintiff, by Daniel and Tarleton Ward, who were the sons of John Ward, and a similar deed by Henry Ward, Emeline his wife, and Patrick Ward. The depositions of Henry and Emeline Ward were taken by the plaintiff. Henry Ward testified that he was a son of John Ward, and that he had four brothers, Patrick, Tarleton, Daniel, and Moses, and one sister, Nancy. He further testified, he knew nothing of the land except from hearsay; that he had heard his father and brothers, who were all older than he was, speak of living in the neighborhood of the lands in controversy, and that he had never been on them. The defendant claimed under a tax title obtained in August, 1860. None of the legal requirements of a tax title were shown, except it appeared that the lands in question were assessed to one Sylvester Dubroca, then deceased, and that one M. Dubroca had requested the tax-collector to sell the land, and at the sale had become the purchaser, and that defendant, who was a son of said Sylvester Dubroca, and a nephew of M. Dubroca, claimed title through said M. Dubroca. To the introduction of the tax title, and all deeds and acts thereon or thereunder, the plaintiff objected; but his objections were overruled and the evidence admitted, and he excepted. The defendant also introduced a deed to the premises made to him by Nesin Dubroca, brother of M. Dubroca, who purchased at the tax sale.

There was evidence tending to show that the said M. Du-

broca died in possession of the land, in 1869 or 1870, claiming the same as his own; that he died intestate, without children, and that the said Nesin Dubroca was his only surviving brother.

There was evidence that in the spring of 1867 the plaintiff was in possession, and was ousted by process of forcible entry and detainer, on the 15th of February, 1869, at the suit of M. Dubroca.

There was also evidence tending to show that Sylvester Dubroca, the father of defendant, had possession of the land, cutting wood and timber on it and claiming it as his own, for many years prior to 1860. This was substantially all the evidence.

The plaintiff requested the court to give the following written charges:

"3. That if the jury believe that the plaintiff represented the persons referred to in the report of the commissioner as Wards '67,' then the defendants can not successfully defend, unless the defendant has shown a continuous, adverse possession under claim of title for ten consecutive years."

"4. That the adverse possession in this case does not commence under the alleged tax title, until its delivery to the defendant, or ancestor, or grantor."

"9. That the sale of Wards to Ladd, if Ladd was in possession of the land at the time the deeds were made, and that the possession is not such by the defendant as to avoid the deed to Ladd, unless Dubroca was in the actual possession of the land conveyed at the time the deeds were made."

"14. That defendant can not estimate the period of time during which Ladd was in possession, if he was, from 1867 to 1869, i. e. from the spring of 1867 to February, 1869, as a part of his adverse possession."

A separate exception was reserved to the refusal of the court to give each of these charges.

The court, at the request of the defendant, gave the following charges, which were in writing:

"1. The jury must be satisfied from the evidence that the John Ward from whom the plaintiff claims to derive title, was the same identical person named in the claim said to be confirmed by Congress to Benjamin Ward, Daniel Ward, and John Ward; and if they are not satisfied of this, the plaintiff can not recover.

"2. The claim being in favor of Daniel Ward, Benjamin Ward, and John Ward, the John Ward from or through whom the plaintiff claims could only recover one undivided

third part thereof, and his grantee can not recover any more than John Ward could under the evidence.

" 3. If the jury believe from the evidence that John Ward left five children surviving him, and the plaintiff having ·obtained a deed of three only, the plaintiff can in no case recover more than three undivided fifths of one-third part of the land sued for, without proof that John Ward was the heir of Daniel and Benjamin Ward named in the State Papers."

To the giving of each of these charges, the plaintiff separately excepted.

The various rulings to which exceptions were reserved are now assigned as error.

ALEX. McKINSTRY, for appellant.

L. H. FAITH, contra.

BRICKELL, C. J.—1. The deed of a tax-collector purporting to convey lands, sold by him for payment of taxes, without proof of his authority to sell, may constitute a claim, and color of title, the element of an adverse possession. *Dillingham v. Brown*, 38 Ala. 311. There was no error consequently in the admission of the deed from the tax-collector to Dubroca.

2. If the defense had been limited to the statute of limitations, the bar of the statute could not have been invoked, without evidence of a continuous adverse possession for ten years before the action was commenced. The third charge requested would then perhaps have been proper. But the defense was not limited to the operation of the statute of limitations. The conveyances under which the appellant claimed title were assailed on the ground that at the time of their execution, the grantors were out of possession, and the lands were held adversely. It is the fact of an adverse possession, existing at the time of the conveyance; the fact that the alienation is of that which lies in entry or re-entry, of a mere cause of action, without regard to the length of time such possession may have continued, which avoids the conveyance. If this charge had been given in the broad terms in which it was requested, it would have led the jury to believe that the defense founded on the fact of adverse possession, when the conveyances to the plaintiff were exe-·cuted, could not be sustained, unless the possession was continuous for ten years. A court is not bound to modify or

[Ladd v. Dubroca.]

reform instructions requested. If the party requests them in terms which may mislead, or if they require explanation or modification, they may be refused.

3. Color of title is not necessary to constitute an adverse possession, on which the statute of limitations will operate, or which will avoid a conveyance. A *bona fide* claim of title openly asserted as hostile to the true owner, renders the possession adverse.—*Hinton v. Nelms*, 13 Ala. 222; *Abercrombie v. Baldwin*, 15 Ala. 363; *Herbert v. Hanrick*, 16 Ala. 581. The deed of the tax-collector may have been *color* of title only from the time of its delivery. Yet, if the purchaser entered into possession, under his purchase, before its delivery, claiming title, the possession was adverse not from the delivery of the deed, but from its inception. The bill of exceptions does not purport to set out all the evidence, and it is not shown when possession was taken under the purchase at the tax sale, nor when the deed of the collector was delivered. If the proof was undisputed, (which if necessary to sustain the ruling of the Circuit Court, we would be bound to presume), that possession was taken under a claim of title, before the delivery of the deed of the collector, the fourth charge requested is erroneous. The adverse possession would commence from the entry of the purchaser or those claiming under him, and not from the delivery of the deed.

4. The ninth charge requested is so ambiguous and confused, that it is difficult to understand. We suppose, however, it was intended to assert that if Ladd was in actual possession when the conveyances were executed to him, the· prior adverse possession of Dubroca would not avoid them. But Ladd's entry into possession was forcible, and he was ejected by the speedy pursuit of legal remedies. The forcible interruption of a naked trespasser redressed by legal remedies will not, as to him, avail to break the continuity of an adverse possession.—*Farmer v. Eslava*, 11 Ala. 1028. The fourteenth charge requested was properly refused, asserting as it does, that the period of Ladd's forcible entry and detainer, ought to be deducted in computing the length of the adverse possession; the twelfth and thirteenth, because they assert that color of title is necessary to render a possession adverse.

5. It is not necessary to notice specially the several charges given at the instance of the defendant. They seem to assert plain propositions of law applicable to the evidence.·

Affirmed.