# Elliott *v.* Stocks.

## *Trial of the Right of Property.*

1. *Agent signing instrument under seal; authority to be in writing, and may be examined as to.*—Authority to an agent to execute an instrument under seal, must be in writing; and where an agent, testifying to his execution of such sealed instrument, states that he had authority to execute it, he may be asked, on cross-examination, if his authority was in writing, and if it is, it should be produced, or its absence satisfactorily accounted for, but in any event he may be cross-examined as to its contents.

2. *Charges: exception to the refusal of several will not reverse unless all correct.* A general exception to the refusal to give several charges, will not avail to reverse the case, unless it is shown that each asserts a correct legal principle.

APPEAL from Cherokee Circuit Court.

Tried before Hon. W. L. WHITLOCK.

This was a suit commenced by an attachment, which was issued on the 19th of July, 1877, at the instance of John T. Stocks, and against H. D. Cothran, Robert Marshall, Thomas McCullough, and W. S. McElwain. The evidence on which this case was tried is substantially the same as that which is set out in the case of Stocks & Bro. against J. M. Elliott, as reported on pp. 291 *et seq.* of this volume. It is unnecessary to repeat it here. The errors assigned, twenty-nine in number, are to the same effect, as those which were made in that case, except as to the charges of the court below, which are stated sufficiently in the opinion of the court.

WATTS & SONS, and COOPER & REEVES, for appellants.

WALDEN & SON, and BRAGG & THORINGTON, for appellees.

STONE, J.—Many of the questions in this cause are settled by our rulings in the case of *Elliott v. Stocks & Bro.*, at the present term.

The instrument under seal of January 1st, 1874, is the written evidence of the contract by which the defendants agreed to operate the property known as the Cornwall Iron Works, in joint adventure. Before that agreement was con-

summated, the ownership of the property was in Cothran. That agreement let in Marshall, McCullough, and McElwain. Before reading it in evidence, it was necessary to prove its execution. It purported to be signed by Cothran and Mc-Cullough in person, with scrolls for seals annexed, and the signature for Marshall was as follows: "Robert Marshall, by his attorney in fact, Thomas McCullough, [Seal]." Mc-Cullough was called to prove the execution, and he proved that both Cothran and himself executed it in person. He proved that he executed for Marshall, and that he had authority to do so. On cross-examination he was asked if his authority to execute for Marshall was not in writing. This question was objected to by plaintiffs, and the court sustained the objection. In this the Circuit Court erred. If the authority was in writing, it should have been produced, or its destruction shown, or some other excuse, sufficient in law, given, why it was not produced. And, in any event, it was the privilege and right of the claimant to cross-examine the witness as to the contents of the authority to sign, even if the absence of the writing was sufficiently accounted for. The contract offered in evidence was under seal, and authority to execute and seal it must have been in writing, to be valid.—1 Greal. Ev. § 269.

The Circuit Court erred in suppressing parts of the depositions of the witnesses, Printup and Bowen. What we said in *Elliott v. Stocks & Bro.*, at the present term, will furnish a sufficient guide to the Circuit Court, on another trial of this case, both as to this question, and the questions raised on the testimony of McCullough.

The charges asked and refused were excepted to in the mass, and hence, to avail the exceptor, it must be shown that each asserts a correct legal principle. Charges 1st, 2d and 8th, each and all, seek to raise an immaterial issue. Whether Smith or Foreche, or the Tredegar Iron Works, had any interest in the property in controversy, was not raised by the pleadings, and was immaterial to the rights of these parties, as raised by this record. The 11th charge was rightly refused, because the contract by which Cothran first, and then McElwain, obtained the management of the iron works, did not empower the latter to make a mortgage, or trust deed, binding his co-owners. The 14th charge was rightly refused. The value of the property levied on is a proper subject of inquiry in trials of the right of personal chattels.

Reversed and remanded.