# Stovall *v.* Fowler.

*Action for Statutory Penalty for Cutting Trees.*

1. *Tax-sale; deed to purchaser, as color of title.*—When lands are sold. for unpaid taxes, the deed to the purchaser, though it may be invalid as a conveyance of the title, is color of title, when possession has been taken and held under it; and is admissible as evidence for the grantee, or one holding under him, to show the extent of the possession according to the boundaries therein described.

2. *General exceptions to charges given or refused.*—A general exception to several charges given can not be sustained, unless each of them is erroneous; and in like manner, a general exception to the refusal of several charges asked can not be sustained, unless each one of them embodies a correct legal proposition applicable to the evidence.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. H. C. SPEAKE.

This action was brought by Richard F. Fowler, against William H. Stovall, and was commenced before a justice of the peace, on the 24th March, 1880. Being removed by appeal into the Circuit Court, the plaintiff there filed a complaint, claiming twenty dollars "as damages for cutting down two poplar trees by defendant, on land not his own, willfully and knowingly, without the consent of plaintiff, who was the owner of said land and trees;" and the same amount for "taking away two poplar trees, from land not his own," &c. The defendant pleaded not guilty, and issue was joined on that plea. On the trial, as the bill of exceptions states, it appeared that plaintiff claimed the land, a tract containing eighty acres, on which the trees were cut, under a quit-claim deed from his brother, Richard O. Fowler, which was dated 8th November, 1878, and recited the payment of $80 as its consideration; and this deed was admitted in evidence without objection. Said Richard O. Fowler testified, as a witness for the plaintiff, that the land was not suitable for cultivation, and never had been cultivated, be-

[Stovall v. Fowler.]

ing situated on a mountain; that it was entered about the year 1842, by a person whose name was not stated, and who abandoned it soon afterwards on discovering a mistake in the location of his entry; that the land then remained unoccupied, and not claimed by any one, until in May, 1867, when it was sold for the unpaid taxes of the year 1866, assessed against "owner unknown," and was bought by him at the sale; and he produced the deed of the probate judge to him, as the purchaser at the sale, dated April 6th, 1874. He further testified, that he held possession of the land, claiming it as his own, and paying the taxes on it each year, from the time of his purchase at the tax-sale, until he sold and conveyed to the plaintiff. The defendant objected to the admission of the deed as evidence, "because it is void on its face, in that it fails to show that said lands were assessed, the amount of taxes due and costs, or that any notice of assessment was given, or any publication of sale made." The court refused to admit the deed "as evidence of title, but permitted it to be read in evidence for the purpose of showing the extent and character of the witness' possession, and as color of title;" to which ruling, in admitting the deed as evidence for the purpose stated, the defendant excepted. On all the evidence adduced, the court gave three charges in writing, requested by the plaintiff, "to the giving of which," as the bill of exceptions recites, "the defendant duly objected and excepted;" and refused five charges in writing requested by the defendant, "and to such refusal the defendant duly objected and excepted." It is unnecessary to set out any of these charges, as the court does not determine the correctness of the legal principles therein asserted. All the rulings to which exceptions were reserved are now assigned as error.

PAUL L. JONES, and R. C. HUNT, for appellant.

ROBINSON & BROWN, contra.

BRICKELL, C. J.—The validity of the title derived from the sale for the payment of taxes is not, in this case, a material inquiry. The conveyance obtained under it was admissible as color of title, and to show the extent of the possession which had been taken and held by the purchaser and his vendee. When there is an entry upon lands under color of title, by deed or other instrument in writing, and a continuous occupancy, in legal contemplation, there is "actual possession to the extent of the boundaries contained in the writing; and this, though the title conveyed is good for nothing."—2 Smith's Lead. Cases (5 Am. Ed.), 563; *Allen v. Kellam*, 69 Ala. 442.

2. The exceptions to the instructions given, and to the in-

[Moon's Adm'r v. Crowder.]

structions refused, are too general to avail the appellant, unless
it could be asserted there is error in all the instructions given,
and that all requested embody correct legal propositions ap-
plicable to the evidence.—*Elliott v. Stocks*, 67 Ala. 336; *Cohen
v. The State*, 50 Ala. 108.    Without entering upon a discussion
of the instructions, it is apparent this can not be asserted in
reference to them.

Let the judgment be affirmed.