# Stewart v. Tucker.

### *Statutory Action of Detinue.*

1. *Action of detinue; mere trespasser upon land cannot maintain detinue for crops severed therefrom.*—A person who enters upon lands of another without claim of right or color of title, can not, by cultivating said land and exercising acts of ownership over it, not acquiesced in by the owner, divest the true owner of his possession and of his right to plant and cultivate a crop on said land; and such trespasser can not maintain, against the true owner of said land, an action of detinue for crops gathered by the latter from the land in the course of husbandry, although they were planted by the trespasser.

2. *Same; when proof of title to land admissible.*—Where a mere trespasser is in the actual possession of a portion of a tract of land, but, claiming right of possession to all of said tract, brings an action of detinue against the owner of the land to recover crops severed therefrom, instruments in writing, evidencing the legal title of the defendant, together with other evidence showing that the land on which the crops were raised were embraced in such title, is admissible in evidence, in order to limit the plaintiff's possession of the land to that part actually occupied by him.

3. *Same; when particular allegations of complaint must be proved.*—Where, in an action of detinue to recover crops severed from the land, the complaint describes the land from which the crops were severed with unnecessary particularity, it is incumbent on the plaintiff to prove the description of the lands as alleged.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. N. D. DENSON.

This was an action of detinue, brought by the appellee, J. J. Tucker, against the appellant, Thomas J. Stewart, and sought to recover one hundred bushels of corn. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave the following written charges to the jury: (1.) "If the jury believe from the evidence that the plaintiff, J. J. Tucker, was in the actual possession of the lands upon which the corn in dispute was grown, during the year 1892, cultivating a part and preparing the other for cultivation, and never abandoned or surrendered the possession of the same, and prepared the lands for cultivation in 1893, and did plant

and cultivate said lands for said year, then they must find for the plaintiff, notwithstanding they may believe from the evidence that the defendant did go on said lands during said year 1893, and work said crop, if this was done without the consent of the plaintiff." (3.) "The jury is charged that the question for them to determine is, who was in the rightful possession of the land upon which this corn was raised, and who raised it during the year 1893." The defendant separately excepted to the giving of each of these charges, and duly excepted to the court's refusal to give the general affirmative charge in his behalf. There was judgment for the plaintiff. The defendant appeals, and assigns as error the rulings of the court in giving the charges asked by plaintiff, and in refusing to give the charge requested by defendant.

JAMES R. DOWDELL, for appellant.—To maintain the action of detinue or the corresponding statutory action for the recovery of chattels in specie, the plaintiff must have at the commencement of the action, a general or special property in the goods sought to be recovered, and must be entitled to the immediate possession.—3 Brick. Dig., 306, § 1. It requires a legal title and a right to the immediate possession to support the action.—3 Brick. Dig., 306, § 4.

In determining the question of the title to the land sued for, the question of the possession of the land on which the corn sued for was grown is necessarily involved; and both the parties having had, at one time, the actual possession of the land, the question is not only a question of occupancy, but who was the original occupant. For this reason it was competent for the defendant to introduce evidence of his title to the land, the possession of the trespasser being limited to the land actually occupied by him.—*Black v. Tenn. Coal, Iron & R. R. Co.*, 93 Ala. 109.

ROBINSON & DUKE, *contra.*—The principle is well settled that the person in the actual possession of the land at the time of the severance of the crop therefrom is entitled to the crop.—*Cooper v. Watson*, 73 Ala. 252; *Beatty v. Brown*, 76 Ala. 267; *Martin v. Thompson*, 120 U. S. 376.

A deed may sometimes be introduced to show constructive possession, but not actual possession. In this case both parties claimed to be in the actual possession of the land upon which the corn was raised.—*Bohannon v. State*, 73 Ala. 47. Therefore the evidence of the defendant's title was inadmissible.

COLEMAN, J.—The appellee, Tucker, sued in detinue for one hundred bushels of corn. The defendant, Stewart, and the plaintiff were adjacent land owners, and the corn was raised on about three acres of land claimed to be in the actual possession of both parties at the time the corn was severed. "The doctrine seems well settled upon principle and authority, that if the owner of the land be not in actual possession—if he can show title to things severed from it, only by showing title to the land—a personal action for the taking, conversion, or detention of such things will not lie. If he have the possession at the time of the severance, the rule is different. But if his possession is divested—if his right lie in entry—and the adverse possessor gathers a crop in the course of husbandry, or severs a tree or other thing from the land, the things severed are converted into chattels. But they do not become the property of the owner of the land; he is out of possession, and has no right to the immediate possession of such things, nor can he bring any action to recover them, until he regains possession."—*Cooper v. Watson*, 73 Ala. 252; *Beatty v. Brown*, 76 Ala. 267.

The corn was raised in the year 1893. The plaintiff did not undertake to show either a legal title to the land or possession under color of title. He relied solely upon actual possession from and including a part of the year 1892 to the time of the severance and removal of the corn by the defendant Stewart. The appellant's contention is, that he was the owner of the land and in the actual possession during the entire year 1893 and previous thereto. A bare trespasser can not by force take actual possession of the land of another and gather the crop growing thereon, or sever and remove the timber therefrom and thereby acquire ownership or legal title thereto.—*Street v. Nelson*, 80 Ala. 230; *Leatherwood v. Sullivan*, 81 Ala. 458. Neither can it be said, that two persons are in hostile actual possession, adverse to each other, of

the same land at one and the same time. We find but little if any conflict in the facts given in evidence. The plaintiff cleared and cultivated about one-fourth of the land in the year 1892, and took the crop without molestation or hindrance. During that year he began to clear the remainder of the strip, and worked at it continuously at intervals until it was ready for planting in the spring of the year 1893, and prepared the ground for planting. The defendant served written notice on the plaintiff in January, 1893, that the land belonged to him, and that plaintiff must not trespass on it. Both parties planted the land in corn, and both cultivated the crop. The fodder was gathered by the plaintiff and the corn by the defendant. The uncleared strip of land with some twenty acres of open cultivated lands, were inclosed by a fence. The other lands included in the inclosure were in the possession of and cultivated by the defendant and had been by those from whom he claimed for a number of years. For the purpose of showing actual possession of the controverted strip the defendant offered in evidence his legal title, in connection with other evidence, to the effect that the strip was embraced in his legal title or color of title. The legal title to land draws to the owner and holder constructive possession of such as he may not be in the actual possession of, if the same is not in the actual possession of another. The possession of a bare, naked trespasser without color of title, is limited to his actual possession. *Possessio pedis* marks the boundary line of his possession.— *Black v. Tenn. Coal, Iron & R. R. Co.*, 93 Ala. 109 ; *Bell v. Denson*, 56 Ala. 449 ; *Normant v. Eureka Co.*, 98 Ala. 181.

Although a trespasser who goes upon the lands of another without claim or color of title can not acquire a right or title to crops or timber by severing and removing the same from the freehold, and is liable to the owner in an action of detinue or trover, yet if the owner has notice that the trespasser is upon the premises, exercising acts of ownership such as cultivating the land or severing and removing the timber and acquiesces therein, or if upon notice by the owner to the intruder to desist, the demand is refused and he remains upon the premises, and continues to exercise acts of dominion and ownership, such possession becomes actual and adverse to that of the owner. The owner's possession becomes divested,

and his right is in entry only.   In a personal action, the plaintiff can not establish his claim to personal property by evidence of his legal title to realty, but it is often the case that actual possession of realty and its extent can not be shown otherwise than by the instrument evidencing legal title or color of title.   A trespasser is in possession of that he actually occupies, and to this extent only the owner and holder of the legal title is divested of the actual or constructive possession.   The plaintiff not claiming possession under title or color of title, the defendant had the right to show by his title and the proceedings in the probate court, if he could, that the possession of the plaintiff in the year 1891 was limited to the one-quarter of an acre cultivated by him that year ; that his possession in the year 1892 was confined to that portion to which he took actual possession by clearing it.   Being a bare trespasser, without claim or color of title so far as this record shows, his possession was limited as against the party in possession under title or color of title, to that of actual occupancy.   We do not think one person by entering upon the lands of another, without claim of right or color of title, and plowing up the lands, or even clearing them off preparatory to planting a crop, can thereby divest the true owner in possession under a legal title of his possession, and prevent the owner from planting and cultivating a crop thereon.   The fact that the plaintiff plowed up the corn that was planted by the defendant and planted the land over, gave him no additional rights.

If when plaintiff took possession of a part of the land in the year 1891, he had title or color of title to the land in controversy, the cultivation and possession of a part, however small, would have invested him with actual possession of the entire parcel, and there would be no doubt to his right to the corn in litigation, although the superior title to the land might be in the defendant; but such right does not follow from the possession of a mere trespasser without claim or color of title.

In the complaint the lands upon which the corn grew are described with special particularity, giving its boundaries on the north, south, east and west.   Such particularity was not necessary in the action of detinue, but having made it, it was incumbent on the plaintiff to prove his case as laid.

Reversed and remanded.