# Aldrich Mining Company *v.* Pearce.

## *Trespass to Realty.*

(Decided January 14, 1915.   Rehearing stricken May 20, 1915.
68 South. 900.)

1. *Adverse Possession; Elements.*—Where plaintiff and defendant owned adjoining tracts and defendant held under a claim of right, its possession was hostile only up to the true division line.

2. *Evidence; Experts.*—The testimony of a surveyor, expert in his line, as to the result of a survey is not rendered inadmissible because he declined to say that it was absolutely correct, where he did say that it was reliable to the best of his judgment.

3. *Trial; Striking Evidence; Motion.*—A motion to strike evidence is objectionable where it is indefinite and leaves much to the judgment of the court.

4. *Charge of Court; Construction.*—In determining whether an instruction is misleading it must be referred to the evidence in the case.

5. *Adverse Possession; Continuity; Break.*—Adverse possession of land under color of title is not alone predicable of residence thereon, or of cultivation thereof, and the mere fact that the adverse holder did not, at all times, put the lands to the uses to which they were adapted, does not necessarily show a break in the continuity of the possession.

6. *Mines and Minerals; Conversion; Instruction.*—Where the action was for the conversion of coal taken from plaintiff's land, a charge that the jury should assess plaintiff's damages at what they thought reasonable and right under the evidence, not exceeding the amount claimed, is not erroneous, the defendant having the right to require more specific directions upon request for same.

7. *Same; Action; Recovery.*—Where defendant mined coal from land and converted the coal while not in adverse possession thereof, the owner is entitled to recover.

8. *Charge of Court; Invading Jury's Province.*—Instructions informing the jury that certain testimony was not evidence and that under the evidence it could not find plaintiff was in actual possession of the land, were properly refused as invading the province of the jury.

APPEAL from Marion Circuit Court.

Heard before Hon. A. H. CARMICHAEL, Special Judge.

Action by James P. Pearce against the Aldrich Mining Company, for the conversion of 3,000 tons of coal.

Judgment for plaintiff, and defendant appeals. Affirmed.

For statement of the controversy, see former appeals, reported in *Aldrich Min. Co. v. Pearce,* 169 Ala. 161, 52 South. 911, Ann. Cas. 1912B, 288; *Pearce v. Aldrich Min. Co.,* 184 Ala. 610, 64 South. 321.

The following charges were refused to defendant: "(2) Abandonment by an adverse possessor of farm land for three summer months ends the adverse possession preceding."

"(6) If the jury believe from the evidence that there was a break or interruption in the continuous possession of the land between the time Elliott gathered his wheat crop and the time Spiller went on the land, you cannot find for plaintiff unless Pearce had 10 years of actual, open, notorious, continuous possession at the time the coal was severed.

"(7) Abandonment of farm lands for five months, namely, July to November, inclusive, by a person claiming to hold said land adversely, is a break in continuity, and wipes out the adverse possession preceding the month of July."

"(1) The court charges you that Pearce was not in the possession of the Butler 40 from which the coal was taken at the time the coal was taken."

"(3) If the jury believe the evidence, they cannot find that plaintiff was in the actual possession of the Butler land at the time the coal was mined."

(4) General affirmative charge.

"(5) The survey of Dryer is not evidence in itself, and if Dryer testified his survey was not to be absolutely relied on, the evidence of Dryer's survey must not be considered."

The following charges were given for plaintiff: "(8) If you find from the evidence that the land from which

the coal in dispute was mined is situated in the S. E. ¼ of S. E. ¼, section 10 township 12, range 12, and if you are further satisfied reasonably from the evidence that this land belonged to Jim Pearce, and if defendant did not then intend to claim any further than the true line, such holding would not be adverse to plaintiff, and you should find a verdict for plaintiff, and assess his damages at what you think to be reasonable and right under the evidence, not to exceed the amount of the complaint.

"(9) If the jury believe from the evidence that defendant mined the coal as alleged in the complaint from the land described in the complaint and converted such coal as alleged in the complaint, and that the averments of the complaint are true, and that at the time of the mining and conversion the land was the property of plaintiff as alleged in the complaint, then plaintiff would be entitled to recover unless the jury believe that defendant was in the adverse possession of that part of the lands from which the coal was mined, claiming to own the same and disputing plaintiff's title."

The jury returned a verdict awarding plaintiff damages at $3,000, and judgment was entered accordingly.

JOHN C. FORNEY, for appellant.

S. D. WEAKLEY, and DAVIS & FITE, for appellee.

MCCLELLAN, J.—This is the third appeal of this case. In view of the statements of the controversy to be found in 169 Ala. 161, 52 South. 911, Ann. Cas. 1912B, 288, and *Pearce v. Aldrich Min. Co.*, 184 Ala. 610, 64 South. 321, it is unnecessary to again set down the circumstances of the contest and the general contentions made by the litigants. The court continues

satisfied with the announcement of applicable, governing principles made by this court in response to the second appeal.—*Pearce v. Aldrich Min. Co.,* 184 Ala. 610, 64 South. 321-323. Only particular assertions of error as affecting the last trial are necessary to be treated in this opinion.

(1) The general affirmative charge requested by and refused to defendant (appellant) was not its due, on the theory predicated of conclusive proof, to the end that at the time the coal was disengaged the land from which it was dislodged was being adversely held by the defendant. There was evidence to warrant the inference that the defendant's occupancy was under claim of right, and therefore hostile, only up to the true line between sections 10 and 11.—*Hess v. Rudder,* 117 Ala. 525, 528, 23 South. 136, 67 Am. St. Rep. 182; *Wyman v. Walker,* 177 Ala. 72, 58 South. 403.

(2, 3) The witness Dryer testified to a survey made by him and to the location of corners from which he got the bearings and distances wherefrom he deduced the line in question between these parties. This testimony in this connection was properly admitted.—*Nolin v. Parmer,* 21 Ala. 66, 70, 71. On his cross-examination by the defendant's counsel he was asked if he was certain that one of the corners located by him was at the point fixed by the government. He replied that he was not certain. Thereupon counsel for defendant moved the court to "exclude all the above evidence of the witness Dryer about locating the corner." The motion to exclude was quite indefinite, leaving much to judgment or discretion as to what exact part of the testimony of the witness was within the motion to exclude. Such motions, so uncertain as to their scope and subject, might well be discountenanced by the trial courts. However, that matter is not at present deemed important in this

connection. We understand the surveyor, Dryer, to express his expert opinion on the matter after a survey made by him. He did not say his survey was not reliable. He merely said he was not certain that the corner inquired about was located by him at the point the government had placed it. This answer to the cross-examination consists with the opinion he had theretofore expressed in that regard. A cautious witness may well hesitate to testify to the certainty of a circumstance and yet give his best, his informed, judgment that the circumstance is as he affirms. There is no merit in this assignment.

(4, 5) Charges 2, 6, and 7 were not erroneously refused to the defendant. They possessed misleading tendencies when referred, as must be done, to the evidence before the jury. Adverse possession of land under color of title is not alone predicable of residence thereon or of cultivation thereof.—*Perry v. Lawson,* 112 Ala. 480, 484, 20 South. 611. So the continuity of adverse possession, for the period requisite to invest title, is not alone and necessarily dependent upon the two kinds of possible actual uses to which we have alluded. All three of these requested instructions quite reasonably appear to inculcate the notion that the essential continuity of possession may be broken by a suspension of the uses, or one of them, mentioned above, without regard to any other indicia of possession of which these lands were susceptible. It might have been concluded by the jury, from these instructions, that the mere failure of the plaintiff to have some one constantly residing on the land, or to have it cultivated during the crop seasons without intermission, was all sufficient to show an abandonment of the possession by the plaintiff, and hence a want of the essential continuity in his possession.

(6) There was no prejudicial error wrought in giving charge 8, requested by the plaintiff. By its terms the amount of damages was restricted to what the jury thought was reasonable and right under the evidence. The charge did not purport to define rules by which the amount should be ascertained under the evidence. If the defendant conceived that the charge was deficient in not so defining the method of ascertainment under the evidence, an explanatory instruction should have been requested in its behalf.

(7) Charges 1, 3, 4, and 5 were refused to the defendant without error. They would have invaded the province of the jury.

(8) Charge 9, given at the instance of the plaintiff, accorded with the ruling of this court in this case on the last appeal.—*Pearce v. Aldrich Min. Co.,* 184 Ala. 610, 64 South. 321-323.

The amount of the damages awarded finds support in the evidence.

No error appearing, the judgment must be affirmed. Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.