(79 South. 119)
McCAY v. PARKS. (6 Div. 746.)

(Supreme Court of Alabama. April 18, 1918.)

1. APPEAL AND ERROR ☞1010(1)—SCOPE—FINDINGS OF FACT.

The finding of the trial court sitting without a jury upon evidence developed ore tenus will not be disturbed, unless plainly contrary to the great weight of the evidence.

2. VENDOR AND PURCHASER ☞218—INJURIES TO PREMISES—REMEDY OF VENDOR.

Sale of land, after accrual of action of trover by severance and removal of trees, did not defeat the suit for damage for converting the trees when severed.

3. ADVERSE POSSESSION ☞79(4)—"COLOR OF TITLE"—TAX DEED.

Holder of tax deed valid on its face, who assumed and held possession, had adverse possession under color of title.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Color of Title.]

**4. TROVER AND CONVERSION ☜☞23—DEFENS-ES—ADVERSE POSSESSION.**

Though trover lies by one in constructive possession of the land to recover for trees severed and converted, it cannot be maintained against one in actual adverse possession in good faith.

**5. PROPERTY ☜☞7 — TITLE — CONSTRUCTIVE POSSESSION.**

Legal title to land gives the owner constructive possession of lands not in his actual possession, if actual possession is not in another.

**6. ADVERSE POSSESSION ☜☞97 — EXTENT OF POSSESSION—ABSENCE OF TITLE.**

Possession of trespasser without color of title is limited to actual possession.

**7. ADVERSE POSSESSION ☜☞100(1) — CONSTRUCTIVE POSSESSION—EXTENT.**

The possession of one claiming under color of title is co-extensive with the boundaries described by the written instrument under which he holds and makes his bona fide claim of ownership.

**8. TROVER AND CONVERSION ☜☞23—DEFENS-ES—ADVERSE POSSESSION.**

Defendant in actual possession of land under tax deed constituting color of title, and bona fide claiming ownership, was not guilty of trover by cutting and removing trees therefrom.

Appeal from Circuit Court, Blount County; J. E. Blackwood, Judge.

Action by Katherine J. Parks against R. L. McCay for the conversion of logs. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Act April 18, 1911, p. 449. Reversed and remanded.

James Kay, of Oneonta, for appellant. M. Lee Bonner, of Birmingham, for appellee.

THOMAS, J. The action was in trover for the conversion of timber, and was tried by the court without a jury.

[1] It has been decided that, where the evidence adduced before the judge trying without a jury was developed ore tenus, or partly so, the findings of the trial court will not be disturbed "unless the conclusion below is plainly contrary to the great weight of the evidence." Ahlrichs v. Rollo, 76 South. 37;[1] Hackett v. Cash, 196 Ala. 403, 72 South. 52; Finney v. Studebaker, 196 Ala. 422, 72 South. 54; Gen. Acts 1915, p. 824.

[2] There is no merit in appellant's contention that a sale of the premises after the action of trover had accrued defeated the suit for the damage for converting the chattel severed from the freehold. Hood v. Southern Railway Co., 133 Ala. 374, 31 South. 937; S. & N. A. R. R. Co. v. A. G. S. R. R. Co., 102 Ala. 236, 14 South. 747; Evans v. S. & W. R. R. Co., 90 Ala. 54, 7 South. 758; Prouty v. A. G. S. R. R. Co., 174 Ala. 404, 56 South. 980; Dunklin v. Wilkins, 5 Ala. 199; Goodwyn v. Lloyd, 8 Port. 237; Brown v. Lipscomb, 9 Port. 472, 479; Foy v. Cochran, 88 Ala. 353, 6 South. 685; Long v. Kansas City, M. & B. R. R. Co., 170 Ala. 635, 54 South. 62; Hood v. Com. G. T. & S. Bank, 12 Ala. App. 511, 67 South. 721; McElmur-

ray ,v. Harris, 117 Ga. 919, 43 S. E. 987; Willis v. Burch, 116 Ga. 374, 375, 42 S. E. 718; 38 Cyc. 2050.

[3] The undisputed evidence is to the effect that defendant was in the open and adverse possession of the land under color of title at the time the logs were severed and removed. Being a purchaser of the land at a regular tax sale, defendant assumed and held possession thereof under the tax deed, which was valid on its face, that he had received as such purchaser. It has been declared that a tax deed valid on its face, though insufficient of itself to convey a perfect title, will constitute color of title to the lands described therein and taken and held under a bona fide claim thereunder (Southern Railway Co. v. Cleveland, 169 Ala. 22, 27, 53 South. 767; Brannan v. Henry, 142 Ala. 698, 39 South. 92, 110 Am. St. Rep. 55; Florence v. Warren, 91 Ala. 533, 9 South. 384; Boykin v. Smith, 65 Ala. 294); and in Dillingham v. Brown, 38 Ala. 311, Mr. Justice Walker delivering the opinion, it was held that "the tax collector's deed was color of title, and the possession taken and held under it was adverse possession" (Ladd v. Dubroca, 61 Ala. 25; Southern Railway Co. v. Cleveland, supra; Doe v. Clayton, 81 Ala. 391, 2 South. 24; Stovall v. Fowler, 72 Ala. .77; Crowder v. T. C., I. & ·R. R. Co., 162 Ala. 151, 50 South. 230, 136 Am. St. Rep. 17).

[4] The authorities hold that, when a part of the freehold, such as coal, mineral, gravel, trees, crops, and the like, has been severed, it becomes personalty, and that actions therefor—trover or detinue or other appropriate personal action—may be brought to recover the severed property as a chattel. Aldrich Co. v. Pearce, 169 Ala. 161, 167, 168, 52 South. 911, Ann. Cas. 1912B, 288; Id., 192 Ala. 195, 68 South. 900. While such an action can be maintained by a plaintiff in the constructive possession of the land, it cannot be maintained against one in the actual possession and holding adversely to the plaintiff. Pearce v. Aldrich Co., 184 Ala. 610, 64 South. 321; Aldrich Co. v. Pearce, 192 Ala. 195, 68 South. 900. The possession and assertion of adverse claim by a defendant to land from which he has severed a part of the freehold must have been in good faith, to relieve the severance of the element of trespass or conversion; that is to say, a possession of land which is merely transitory, or for the purpose of committing a trespass to, or severance from, the freehold, by a party not in either actual or constructive possession, will not defeat a recovery by the owner of the freehold in either actual or constructive possession. Stewart v. Tucker, 106 Ala. 319, 321, 17 South. 385; Aldrich Co.,v. Pearce, 169 Ala. 161, 52 South. 911, Ann. Cas. 1912B, 288; Young v. Herdic, 55 Pa. 172. These authorities are rested on the ground that two

---

☜☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 200 Ala. 271.

persons cannot be in the hostile actual possession, adverse to each other, of the same land at one and the same time.

[5-7] The legal title to real properties draws to the owner and holder the constructive possession of such of the lands as he may not be in the actual possession of, provided the actual possession be not in another; whereas the possession of a naked trespasser without color of title, is limited to his actual possession. Bell v. Denson, 56 Ala. 444; Normant v. Eureka Co., 98 Ala. 181, 12 South. 454, 39 Am. St. Rep. 45; Black v. T. C., I. & R. R. Co., 93 Ala. 109, 9 South. 537. It is also settled law that the possession of one claiming under color of title is coextensive with the boundaries described by the written instrument under which he holds and makes his bona fide claim of ownership. Marietta Fert. Co. v. Blair, 173 Ala. 524, 527, 528, 56 South. 131; Dothard v. Denson, 72 Ala. 541; Childress v. Calloway, 76 Ala. 128; Stovall v. Fowler, 72 Ala. 77; Lucy v. T. C., I. & R. R. Co., 92 Ala. 246, 8 South. 806; Normant v. Eureka Co., supra. This constructive possession under bona fide claim of ownership and under color of title, where the conveyance is of two distinct and separate tracts of land, is subject to the exception disclosed in Woods v. Montevallo Coal & Transportation Co., 84 Ala. 560, 566, 3 South. 475, 5 Am. St. Rep. 393; Henry v. Brown, 143 Ala. 446, 39 South. 325; Crowder v. T. C., I. & R. R. Co., 162 Ala. 151, 50 South. 230, 136 Am. St. Rep. 17; Marietta Fert. Co. v. Blair, supra.

[8] Being in possession of the land under color of title and bona fide claim of ownership, defendant was not guilty of trover when he cut and removed the trees or timbers therefrom. Trover did not lie for the damages sustained by the owner of the legal title through the severance and removal of the trees from her lands. Cooper v. Watson, Adm'r, 73 Ala. 252; Lyons v. Stickney, 170 Ala. 134, 54 South. 496; Quinn v. Pratt Co., 177 Ala. 434, 438, 59 South. 49; Pearce v. Aldrich Co., supra. The remedy in such cases is trespass quare clausum fregit, or an action for damages recoverable in ejectment, as the case may be.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.