# Johnson *v.* Cook.

*Petition for Supersedeas of Writ of Possession issued on Judgment in Ejectment.*

1. *Writ of possession in ejectment; when release sufficient to authorize supersedeas.*—An instrument, duly executed by a plaintiff in ejectment to the defendant after a recovery, founded on a valuable consideration, acknowledging full satisfaction and settlement of the judgment, and releasing and forever discharging the defendant, his heirs and personal representative "from any further liability whatever on account of said judgment, both as to the damages and the possession and title" to the land recovered, and granting, conveying and releasing all his right, title and interest in and to said land, and his "right of possession, or the execution of writ of possession under said judgment," to which he might be entitled, operates as a valid release of the plaintiff's right and interest in the recovery, and in the land, and entitles the defendant, as against the plaintiff, to a supersedeas of a writ of possession issued on the judgment, and to a satisfaction of the judgment.

2. *When deed void on account of misrepresentation of contents.*—If the grantor's signature to a deed is obtained by misrepresentation of its contents, or by any other fraudulent means, by which he is induced to sign it, being ignorant of its contents, and thereby executing a conveyance he did not intend to make, this constitutes fraud in the execution of the deed, and renders it absolutely void and inoperative, even in a court of law.

3. *Same; admissibility of evidence.*—Hence, on the trial of a petition for a supersedeas of a writ of possession in an ejectment suit, founded on a release executed by the plaintiff to the defendant, which is resisted by a stranger to the record, at whose instance and for whose benefit, but without the plaintiff's knowledge or consent, the suit was brought in the plaintiff's name, on the ground that the plaintiff, before the suit was commenced, had, by deed, conveyed the land described in the writ to him, and that, therefore, the release was inoperative against him, evidence tending to show that the consideration expressed in the deed was nominal, and never paid, that the plaintiff, who could neither read nor write, was ignorant of the contents of the deed, when he signed it, and was induced to sign it by misrepresentations, made by the grantee's agent, of its contents, thereby causing him to sign a conveyance he did not intend to make, is competent for the defendant, for the purpose of showing fraud in the execution of the deed, and that, for that reason, the grantee had no standing, legal or equitable, in court.

4. *Deed to land void as against adverse claimant in possession.*—The defendant, in such case, having been in the adverse possession of the land, claiming to own it, at the time said deed was executed by the plaintiff, this also rendered the deed void and inoperative as against him; the rule being, that a conveyance of a mere right to sue for property, claimed and held in adverse right, is absolutely void as to such adverse holder, and, as against him, it never, at any stage of the proceeding, acquires any force, legal or equitable.

[Johnson v. Cook.]

APPEAL from Butler Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

The nature of this proceeding, the defense made thereto, and the facts disclosed by the evidence are sufficiently stated in the opinion. The court charged the jury, on written request, that if they believed the evidence they must find for the plaintiff in the original suit, defendant in this proceeding; and to this charge Johnson, the petitioner, excepted. This ruling, and the ruling on the evidence noted in the opinion, among others, are here assigned as error.

JNO. GAMBLE and J. C. RICHARDSON, for appellant.

BUELL & LANE, *contra*.

STONE, J.—The present controversy arose on petition for *supersedeas* of writ of possession. The petition avers that, in January, 1881, suit was brought in the name of Hamp. Cook, the appellee, in the Circuit Court of Butler county, against Johnson, the petitioner, for the recovery of a small lot of land in Greenville; said Hamp. Cook being at the time, and for many years before, a resident of Florida. The petition then avers that Hamp. Cook did not authorize the bringing of said suit, had no knowledge of its bringing or pendency, and never approved or ratified its prosecution. It avers that Cook set up no claim to the property; that about 20th May, 1881, said suit came on to be tried, and there was verdict and judgment for the plaintiff, on account of a defect in Cook's conveyance, notwithstanding Johnson and those under whom he claimed had bought and paid for the lot. Only Cook and Johnson were parties to the suit.

The petition then avers that on the 2nd day of June, 1881, in consideration of fifteen dollars paid May 16th, 1881, and six dollars then paid, Cook executed and delivered to defendant, Johnson, a full release and discharge from said judgment, and a further release and conveyance of said lot to said defendant. The release and conveyance is made part of the petition, and, after many recitals, contains this clause: "I, Hamp. Cook, do hereby acknowledge full satisfaction and settlement of said judgment in said case, and hereby release and forever discharge the said Claiborn Johnson, his heirs, executors, etc., of and from any further liabilities whatever, on account of said judgment, both as to the damages and the possession and title of said lot; and also hereby grant, bargain, sell and convey, and release whatever right, title, or interest I may now have, in law or equity, or which may result from the existing state of things, in and to said lot, and all right of possession, or the execution

of writ of possession under said judgment I might be entitled to, in and to said lot No. 6, to the said Claiborn Johnson, to have and to hold forever." It should, perhaps, be stated that the release and conveyance recites a consideration of only fifteen dollars. There are many other averments in the petition, and some proof in regard to them; but the facts above recited seem to be uncontroverted.

In answer to said petition and motion to have said judgment and recovery in ejectment entered satisfied, and the writ of possession annulled and restrained, it was averred that the suit was procured to be brought by one A. F. Posey, who employed the counsel in the case. · It was not claimed that Cook was consulted, or assented to the suit. It was brought for Posey's benefit, although he was not named in the record, and he claimed the right to control it. The following is a copy of the deed under which he claimed:

"The State of Florida, ﹞ Know all men by these presents, Escambia county. ﹛ that I, Hampton Cook, of said State and county, for and in consideration of the sum of five dollars, to me in hand paid by A. F. Posey, of Butler county, Ala., the receipt whereof is hereby acknowledged, have remised, released and quit-claimed, and by these presents do hereby remise, release and quit-claim to the said Posey, all my right, title and interest in the following described property, to wit: The north half of lot No. 6, containing one-half of an acre, purchased by me of Jno. W. Mallett, and formerly known as the "Kite lot," lying in the south-west portion of the city of Greenville, Ala., with all the appurtenances thereon." Dated September 18th, 1880, and signed Hampton Cook. Each of the papers described above was signed with the mark of the grantor, and each has two subscribing witnesses. Hampton Cook, it is shown, can neither write nor read. It is one of the admitted facts, that when this deed from Cook to Posey was executed, Johnson was in the adverse possession of the lot, claiming it as his own.

On the facts stated above, considering this case only as a controversy between Cook and Johnson, the only parties to the record, there is strong, probably conclusive testimony, that Cook, after he recovered his judgment, released to Johnson, for a valuable consideration, all right and interest he had in the recovery, and in the lot sued for. The language of the release and conveyance is very comprehensive and strong. So far as Cook is concerned, there can be no question that Johnson showed himself entitled to the relief prayed for in his petition.—2 Brick. Dig. 465–6, §§ 6, 7, 18. 19, 29, 33; *Martin v. Tally*, 72 Ala. 23; *Moses v. Dade*, 58 Ala. 211.

In the court below it was urged; that the judgment should

[Johnson v. Cook.]

not be entered satisfied—that the writ of possession should not be vacated,—because of Posey's interest, shown in the quit-claim deed to him, copied above. In other words, it was contended that inasmuch as, before suit brought, Cook had conveyed all his interest in the lot to Posey, and the suit was brought by Posey, and for his benefit, although in Cook's name, Cook's release and conveyance were inoperative as against Posey, and the latter had the right to have the judgment enforced against Johnson. In answer to this, Johnson offered to prove that the consideration, five dollars, expressed as the consideration of the conveyance from Cook to Posey, was inserted as a mere nominal consideration, that it was not paid, and was not intended to be paid. Further testimony was offered, given by Cook as a witness, in the following language: "I have known Captain Addy Posey, of Greenville, Alabama, and have known him for over sixteen years. I have never made a deed to him to my knowledge, and have not seen him in seven years; nor have I ever received any money or thing of value from him for the lot. About eight or ten months ago, Mr. Albert Hyer, of this place (Pensacola), sent for me, and I went to him, and he told me he had a letter from Capt. Posey, asking him to inquire of me if I had any thing to do with the property, or had any claim to it at all; and I told him I had sold my claim to the land to Lafayette Jones, who was to settle a mortgage Mr. Perry had on it, and after that I had no claim to it. Mr. Hyer then asked me if I would sign a paper, giving up my claim to it; and told me there was no harm in it; and I touched the pen when Mr. Hyer wrote, and did not understand that it was a deed, or else I would not have had any thing to do with it, as I had already sold all my right to it to Lafayette Jones. Mr. Hyer told me at the same time that my wife, Roberta Cook, had had a lawsuit about it, and had gained it; and that all that was lacking was for me to say I had no claim to it. I did not receive, nor did he, Mr. Hyer, offer me any money or any thing else for the signing of the paper, or for the land, nor did I ever receive any money or any thing else from Capt. Posey for it; and I did not sign the paper with the understanding that Capt. Posey was to receive any land for it." This testimony, at the instance of appellee, was ruled out. In this, the circuit court erred. If the signature to the deed was obtained by misrepresentation of its contents, or by any other fraudulent means, by which Cook was induced to sign the instrument, of the contents of which he was ignorant, and to make a conveyance he did not intend to make, this constitutes fraud in the execution, and renders the instrument inoperative, even in a court of law. *Foster v. Johnson*, 70 Ala. 249; 2 Brick. Dig. 14, § 13. Such instrument has no legal force whatever, but is absolutely void

[Johnson v. Cook.]

for all purposes. And if Cook's be the true version of the transaction, then Posey has no standing in court whatever, either legal or equitable, and the case stands as a simple contest between Cook and Johnson, as if Posey had no pretense of claim. Such a conveyance, so fraudulently obtained, would not support an action, even against Cook.

There is another important question in this case. It is an admitted fact in the record, as we have said, that when Posey obtained the quit-claim deed from Cook, Johnson was in possession of the premises, claiming title thereto, and claiming to hold in his own right. Under all our rulings, such conveyance is inoperative and void as against the adverse claimant in possession.—See *Bernstein v. Humes* 60 Ala. 582, and the authorities therein collected. Such deed is not void between the parties to it. As to them, and between them, it may be the foundation of a suit or defense. There is nothing which contravenes public policy, or violates positive law, of which either of them can complain. If there is fault, they stand in *pari delicto*, and the conveyance being executed, the grantee may assert all legal rights against the grantor, to the same extent as if no one had held adversely when the conveyance was made. Very different, however, are the rights of him in adverse holding. The owner of the incumbrance, or superior legal title, if you please, may be unwilling to assert it. Both the common law and many statutes have declared that a mere right to prosecute an action can not be the subject of bargain and sale. And this rule of the common law, and these legislative enactments were called into being "for avoiding of maintenance, suppression of right and stirring up of suits." If a mere right to sue for property adversely held can be purchased by a stranger, suit then brought in the name of the seller of such right, a recovery had, and when the defendant comes to adjust the matter of recovery with the plaintiff in the action, he is met by the opposing claim of such stranger to the record, asserting that before suit brought he had purchased this right of action, and had himself prosecuted the suit to judgment, we submit, is not this a plain and palpable case of maintenance? And can we permit such claim to prevail, on the asserted ground that he is the equitable owner of the judgment, and therefore the plaintiff of record can not control it? Can an equity spring out of an act of maintenance? We hold, as the rule declares, that a conveyance of a mere right to sue for property, claimed and held in adverse right, is absolutely void as to such adverse holder, and as against him, it never, at any stage of the proceeding, acquires any force, legal or equitable. After the close and consummation of proceedings between the original parties, and the adverse holder is dispossessed, then the agreement of sale may

be enforced, as binding between the parties to it. Till then, the defendant may treat with the plaintiff of record as the true owner of the subject of the suit. This results necessarily from the fact that the conveyance is void as to him. So far as his rights are concerned, it is the same as if there had been no attempt to convey.

Reversed and remanded.