# Watson *v.* Mancill.

*Statutory Action in nature of Ejectment.*

1. *Possession of part of tract of land, under claim to entire tract.*—Actual occupancy of a part of a tract of land, under claim and color of title to the whole, is constructive possession of the entire tract, unless some other person is in adverse possession of another part.

2. *Alienation of homestead; color of title.*—A deed executed by husband and wife, purporting to convey the homestead, but without the necessary certificate of acknowledgment showing the wife's voluntary assent and signature (Code, § 2822), is totally inoperative and ineffectual as a conveyance of title; but, possession being delivered and held under it, it may constitute color of title, and be admissible to show the extent of the grantee's possession.

3. *Conveyance of lands adversely held.*—A conveyance of land which is at the time in the possession of a prior grantee, holding under an instrument which, though invalid as a conveyance, is color of title, is inoperative and void as against such adverse holder.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by W. H. Watson, against E. J. Mancill, to recover the possession of a tract of land containing forty acres, with damages for its detention; and was commenced on the 4th August, 1883. Each of the parties claimed under a conveyance from James Gantt and wife; the plaintiff's deed being dated and acknowledged, in proper form, on the 30th March, 1883, while the deed to the defendant was dated December 19th, 1882, attested by two witnesses, and acknowledged by both of the grantors as an ordinary conveyance; and another certificate appended to it, as to the acknowledgment by the wife on examination apart from the husband, though in statutory form, was made and dated the 12th October, 1883. "There was evidence," the bill of exceptions states, "tending to show that said Gantt, at the time of the execution of said deed to defendant, was a married man; that said deed was executed by him under duress; and that said forty acres was part of said Gantt's homestead at the time. It was admitted by plaintiff that defendant, immediately after the execution of said deed to him in 1882, went into the actual adverse possession of one acre of said forty, and claimed the forty as his own under said deed, and continued in such adverse possession from the date of his deed, and was in such adverse possession of said one acre at the date of said deed from Gantt and wife to

[Watson v. Mancill.]

plaintiff; and there was no evidence showing, or tending to show, that any one else than said defendant was in possession of any part of said forty acres of land; but the separate acknowledgment of said Gantt's wife, to defendant's said deed, was not made until after the execution of the deed to plaintiff. This being all the evidence, the court charged the jury in writing, on the request of the defendant, that they must find for the defendant, if they believed the evidence." The plaintiff excepted to this charge, and he here assigns it as error.

Jno. D. Gardner, for appellant.

John Gamble, and W. D. Roberts, *contra*.

SOMERVILLE, J.—Where one is in actual occupancy of a part of a tract of land, and holding the entire tract under claim and color of title, he will be held to be in possession of the remainder, where there is no other person in possession claiming in antagonism to him. The possession of the occupant, in such cases, is deemed to be co-extensive with the boundaries described in the deed.—*Bohannon v. The State*, 73 Ala. 47, 50; *Farley v. Smith*, 39 Ala. 38; *Bell v. Denson*, 56 Ala. 444; Trial of Title to Lands (Sedgw. & Wait), §§ 728, 763, 768.

2. The defendant is shown to have been in actual occupancy of one acre of the forty-acre tract in controversy, claiming the whole, under a deed from Gantt and wife, bearing date December 19th, 1882. Although this instrument may have been invalid as a deed, and totally ineffectual to convey any title, because it was an attempted conveyance of the grantor's homestead, void for want of any certificate of acknowledgment, showing the voluntary assent and signature of the wife; yet it was manifestly admissible as color of title, and to show the extent of defendant's possession.—*Stovall v. Fowler*, 72 Ala. 77; *Allen v. Kellam*, 69 Ala. 442; 2 Smith's Lead. Cases, 563.

3. The defendant is further shown to have been in adverse possession of the land sued for, claiming it as his own, at the time when Gantt and wife executed to the plaintiff the deed under which he claims title, which latter deed bears date March 30th, 1883. This fact rendered the conveyance to the plaintiff absolutely void and inoperative against the defendant.—*Johnson v. Cook*, 73 Ala. 537; *Humes v. Bernstein*, 72 Ala. 546, and cases cited.

Under this state of facts, the court properly charged the jury, that, if they believed the evidence, they must find for the defendant.