# Nearen *v.* The State.

*Tresspass After Warning.*

(Decided July 4, 1908. 47 South. 338.)

*Trespass; After Warning; Elements.*—One who held for another who held the legal title to the land and possession cannot be convicted of trespass upon the land at the in?tance of one who holds an alleged constructive possession by virtue of an allegel title, where the actual possession did not extend to the land alleged to have been. trespassed upon, since where the holder of legal title to land enters thereunder no subsequent constructive possession, even under color of title can overlap the former possession.

APPEAL from Marshall Circuit. Court.

Heard before Hon. W. W. HARALSON.

Mat Nearen was convicted of trespass after warning and appeals. Reversed and rendered.

STREET & ISBELL, for appellant. On the facts in this case, the charge of trespass after warning cannot be sustained.—*Watson v. Mansill,* 76 Ala. 600; *Bohanan v. The State,* 73 Ala. 47; *Lawson, et al. v. The State,* 100 Ala. 7; *Watson v. The State,* 63 Ala. 20. It follows from these authorities that the court erred in refusing the affirmative charge.

ALEXANDER M. GARBER, Attorney-General, for the State. The action of the court is this case is supported by, and the case should be affirmed on the authority of *Brunson v. The State,* 140 Ala. 201.

SIMPSON, J.—The appellant was convicted of the offense of "trespass after warning." The prosecutor does not show any actual possession, but claims constructive possession, by reason of the fact that he had received a conveyance of the land from another party,

at a time when he already had a small strip of this 40-acre tract within his fence, and had afterwards extended his fence a little farther, but not nearer than 150 or 200 yards to the place where it is claimed the trespass was committed. The defendant claimed to represent one May, who is shown to hold the legal title by complete chain from the government, and who testifies that "he has owned the land since 1891 or 1892, and has been in possession of the land, claimed it as his, and been paying taxes on the land, all this time."

If the holder of the legal title enters under the same, "no subsequent constructive possession, even under color of title, could overlap his possession."—*Chastang v. Chastang,* 141 Ala. 451, 463, 37 South. 799, 803 (109 Am. St. Rep. 45). So, even if the act of the prosecutor in extending his fence could be construed into the taking of possession under his deed, his constructive possession under his deed could not overlap the previous constructive possession in the holder of the legal title. The possession of the land in question, was then in May, and not in the prosecutor. Consequently the defendant could not be convicted for trespassing on the possession of the prosecutor.

The general charge in favor of the defendant, which was requested in writing, should have been given. The judgment of the court is reversed, and a judgment will be here rendered discharging the appellant.

Reversed and rendered.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.