# Marietta Fertilizer Co. *v.* Blair, *et al.*

## Ejectment.

(Decided June 29, 1911. 56 South. 131.)

1. *Adverse Possession; Actual Possession; Occupation of Part.*— As a rule, occupancy of a part of land entered upon in good faith under color of title extends to the boundaries described in the color of title, though a part of the land is not actually occupied; but this rule does not apply where the conveyance is of two distinct tracts, to only one of which the grantee has the legal title, and actual occupancy. However, each governmental subdivision or quartersection does not of itself constitute a distinct tract within the exception.

2. *Same.*—Adverse possession of the whole of a tract, within the boundaries described by the color of title, by actual occupancy of a part thereof, is, in legal contemplation, actual and not constructive possession, and may be restricted as to the part not actually occupied by the actual occupancy of another.

3. *Same*—In gaining by adverse possession title to the whole of tract, by the actual occupancy of a part thereof, the relative proportion of the whole contiguous tract to the part actually occupied is immaterial, and title to an entire half section was gained by the adverse occupation, and actual cultivation of fifteen or twenty acres thereof under color of title to the whole tract.

APPEAL from Clay Circuit Court.

Heard before Hon. JOHN PELHAM.

Ejectment by the Marietta Fertilizer Company against R. W. Blair and others. Judgment for defendants and plaintiffs appeal. Affirmed.

RIDDLE, ELLIS & KELLY, and TYSON, WILSON & MARTIN, for appellant. Under section 5361, Code 1907, the

[Marietta Fertilizer Co. v. Blair, et al.]

appellant is entitled to have the conclusion and judgment of the lower court on the evidence reviewed without any presumption favorable to the court below. Under the facts in this case, the doctrine declared in *Lawrence v. Ala. St. L. Co.* 144 Ala. 524, must prevail. The plaintiff established a complete chain of title to the land, and under the doctrine established in the case of *Dothard v. Denson,* 72 Ala. 554, and followed in many cases which are collected in brief of counsel for appellee in *Lecroix v. Malone,* 157 Ala. 434, and referred to in the *Lawrence case, supra,* that plaintiff was entitled to a judgment. While possession of a part of a tract of land under color of title the possession ordinarily will extend to the boundaries described in the instrument constituting the color of title, but the principle had no application to a conveyance sought to be used as color of title, where the grantor is in possession of and owner of a tract of land and conveys the land thus in his possession and includes in that conveyance other lands adjoining the lands he actually has possession of and owns and the lands adjoining and there included in the conveyance would not be held by the grantee adversely and his possession of the adjoining lands would *not* be that character of adverse possession held under color of title as that same would ripen into title under the statute of limitations.—*Henry v. Brown,* 143 Ala. 446; *Woods v. Montevallo C. & T. Co.,* 84 Ala. 565; *Parks v. Barnett,* 104 Ala. 443; *Eureka v. Norment,* 104 Ala. 631.

WHITSON & HARRISON, for appelle. The deed from Bradford to Smith was essential to plaintiff's prima facie right to recover, and was not competent to establish a link to the lands sued for, and hence, defendants were entitled to a judgment.—*Christy v. Patton,* 148 Ala. 324; *Redmond v. L. & N.* 154 Ala. 311. Standing alone it did

not convey the land in controversy, and the terms of the deed cannot be varied in a court of law by oral evidence. —*Guilmartin v. Wood*, 76 Ala. 209; *Homan v. Stewart*, 103 Ala. 650; *Griffin v. Hall*, 115 Ala. 482; *Donahoo v. Johnson*, 120 Ala. 438; *Hereford v. Hereford*, 131 Ala. 575. Before the contents of a lost deed becomes admissible, the execution of such deed must be shown, and by the best evidence.—*Potts v. Coleman*, 86 Ala. 95. The certified copies of the deeds introduced in evidence by the defendant were properly admitted, as there is no presumption that the owner has possession of prior deeds in his chain of title.—*Hendon v. White*, 52 Ala. 597; *Beard v. Ryan*, 78 Ala. 37. These deeds were admissible as ancient documents.—*Campbell v. Bates*, 143 Ala. 343; *Bernstein v. Humes*, 75 Ala. 241. At the time the deed from Smith to Jacobs was executed, defendant's tenants were in adverse possession of the land, and this rendered the deed inoperative and void as against the defendant.— *Mahan v. Smith*, 151 Ala., 482; *City L. Co. v. Pool*, 149 Ala. 164; *Lowery v. Baker*, 141 Ala. 600; *Murray v. Hoyle*, 92 Ala. 559. A tenant must surrender possession to his landlord before he can question his landlord's title —*Davis v. Williams*, 30 Ala. 530; *Duncan v. Guy*, 159 Ala. 524. He cannot make a valid attornment to another while holding such possession.—*Brown v. French*, 148 Ala. 274; *Davis v. Wilson, supra*. The judgment by Smith against Blair was not binding upon the landlord of Blair, as they were not parties and had no notice.— *Stanley v. Johnson*, 113 Ala. 344; *Doe v. Reynolds*, 27 Ala. 364. Under the facts in this case the defendants established their right to recover by proof of the adverse possession.—*Block v. T. C. I. & R. R. Co.* 93 Ala. 111; *Norment v. Eureka Co.* 98 Ala. 182; *Goodson v. Brothers*, 111 Ala. 539; *Smith v. Keyser*, 115 Ala. 455; *Anniston C. L. Co. v. Edmundson*, 127 Ala. 445; *Barrett v. Kelly*,

131 Ala. 378; *Chastang v. Chastang,* 141 Ala. 451; *Campbell v. Bates,* 143 Ala. 338; *Barry v. Madaris,* 156 Ala. 475; *Clak v. Dunn,* 161 Ala. 237. There is no question presented in this case as to any adversary actual possessin of any part of the land involved in this suit by parties claiming under different rights.—*Hughes v. Anderson,* 79 Ala. 209. A void deed may constitute color of title.—*Reddick v. Long,* 124 Ala. 261; *Hoyle v. Mann,* 144 Ala. 516.

McCLELLAN, J.—Statutory ejectment, by appellant against appellees, to recover the E. $\frac{1}{2}$ of section 6, township 22, range 6, in Clay county, Ala. The trial was by the court without jury. Upon the whole evidence there can be no reasonable doubt that since 1860 (and probably before) the predecessors, in asserted right, of the appellees Donaldson and the named appellees have been in the actual adverse possession, at least under color of title, of approximately 20 acres of the 320-acre tract in controversy. It is now urged upon the authority of *Lawrence v. Alabama State Land Co.,* 144 Ala. 524, 41 South. 612, that for want of evidence, to the particular effect stated in the cited decision, the adverse possession of a part of the half section in question cannot be extended to the boundaries described in the color of title under which such adverse possession was taken and held for more than 25 years before this action was instituted.

The general rule is, and has long been, that where one enters under color of title, in good faith, upon a tract of land his adverse occupancy of a part thereof will extend his adverse possession of that not adversely occupied, by another, to the boundaries described in the color of title.—*Black v. T. C. I. & R. R. Co.,* 93 Ala. 109, 110, 9 South. 537; *Henry v. Brown,* 143 Ala. 446, 39

South. 325; *Woods v. Montevallo Coal Co.,* 84 Ala. 560, 3 South. 475, 5 Am. St. Rep. 393; *Crowder v. T. C. I. & R. R. Co.,* 162 Ala. 151, 50 South. 230, 136 Am. St. Rep. 17; *Clarke v. Dunn,* 161 Ala. 633, 50 South. 93; *Barry v. Madaris,* 156 Ala. 475, 479, 47 South. 152; *Campbell v. Bates,* 143 Ala. 338, 39 South. 144; *Stovall v. Fowler,* 72 Ala. 78; *Burks v. Mitchell,* 78 Ala. 63; *Lucy v. Tenn. Co.,* 92 Ala. 246, 8 South. 806; *Childress v. Calloway,* 76 Ala. 133; *Farley v. Smith,* 39 Ala. 38, 44; *Bell v. Denson,* 56 Ala. 444; *Torrey v. Forbes,* 94 Ala. 135, 141, 10 South. 320; *Normant v. E. Co.,* 98 Ala. 181, 12 South. 454, 39 Am. St. Rep. 45; *Ryan v. Kilpatrick,* 66 Ala. 332; *Smith v. Keyser,* 115 Ala. 455, 460, 22 South. 149; *Bailey v. Blacksher Co.,* 142 Ala. 254, 37 South. 827; *Baucum v. George,* 65 Ala. 259, 268, 269; *Hughes v. Anderson,* 79 Ala. 209, 215; *Watson v. Mancill,* 76 Ala. 600, 601. See, also, *Ellicott v. Pearl,* 10 Pet. 412, 413, 9 L. Ed. 475; Rose's Notes, pp. 593, 594; *Hicks v. Coleman,* 25 Cal. 122, 85 Am. Dec. 103, and note; and other decisions of this court cited in them.

An exception to the general rule was recognized by this court in *Woods v. Montevallo Coal Co., supra,* as existing in those cases where the conveyance is of "two separate and distinct tracts" of land, to only one of which the grantee becomes invested with the legal title, and the actual occupancy is of that tract. In such cases the true owner of the other tract is *not* disseised and the possession under the color of title thereto is not extended to include such tract.—*Henry v. Brown, supra; Crowder v. Tenn. Co., supra.* As is seen, one of, if not the, controlling factors creating this exception lies in the separableness, the distinctness, of the tracts conveyed. And this court has well determined that each governmental subdivision or quarter-call does not, in itself alone, constitute a separate, distinct tract

of land.—*Crowder v. Tenn. Co., supra.* The announcement, in respect of this exception, in *Woods v. Montevallo Coal Co., supra,* was bottomed on *Bailey v. Carlton,* 12 N. H. 9, 37 Am. Dec. 190. Reference to 5 Notes to Am. Dec. pp. 1216-1218, will show the consideration given *Bailey v. Carleton* by other jurisdictions.

Unless our decision in *Lawrence v. Alabama State Land Co., supra,* established *another exception,* than that to which we have referred, to the general rule before stated, this court has not, so far as we are advised, authoritatively done so. And it may be here pronounced that the case at bar does not present a status within the terms of the exception declared in *Woods v. Montevallo Coal Co.* and in the two recent decisions taking account of its doctrine in this particular.

The character of the extended possession to contiguous lands, under color of title, beyond that, within the boundaries defined by the color of title, actually occupied by the adverse claimant, is, in legal contemplation, *actual,* not *constructive.*—*Black v. Tenn. Co., supra; Stovall v. Fowler, supra.* Such possession, under color of title, may be restricted, as to area within the defined boundaries, by actual possession of another.—*Ryan v. Kilpatrick, supra; Ellicott v. Pearl, supra; Watson v. Mancill, supra.* So affirmatively is the general rule before stated that "color of title is sometimes said to be a substitute for a substantial and permanent fence around the premises claimed."—*Hughes v. Andersosn,* 79 Ala. 215; Sedg. & Wait on Land Titles, § 667.

The relative, proportionate area, of the whole *contiguous* tract, *actually occupied* by an adverse claimant, is not a factor, under our decisions—a qualifying element—in determining the effect of the application of the general rule previously reiterated.—*Watson v.*

*Mancill, supra; Ellicott v. Pearl,* 10 Pet. 412, 9 L. Ed. 475, followed by this court in *Baucum v. George,* 65 Ala. 269. Reason, if not the weight of authority in other jurisdictions, confirms the soundness of this conclusion.—*Hicks v. Coleman,* 25 Cal. 122, 85 Am. Dec. 103, and notes thereto; 1 Cyc. 1127. To ingraft such a qualification—exception—upon the general rule would interpose a factor necessarily uncertain in application, if, indeed, not requiring the exercise of a purely arbitrary discretion in establishing the boundaries of the adverse claim. This qualification or exception to the general rule seems to have been recognized in Vermont, New York and Michigan, and perhaps Minnesota. The Vermont court, in *Chandler v. Spear,* 22 Vt. 388, found its authority, in part, in *Jackson v. Woodruff,* 1 Cow. (N. Y.) 276, 13 Am. Dec. 525. Our court, in *Black v. Tenn. Co.,* 93 Ala. 112, 9 South. 537, interpreted *Jackson v. Woodruff* as according with the general rule prevailing in this State; a rule that takes no account of the proportion the actually occupied area bears to the whole *contiguous* tract, or to the nature of the lands adversely claimed or to the custom (if such there is or could be) of the country in respect of the size of landed holdings for the many purposes for which that is done. We cannot be unmindful of the fact that very large areas of land are and have been held in this State by individuals and corporations for timber, farming, and mineral purposes. What standard could be thereto fixed as determinative of what area would, in such cases, be subservient to or reasonable and proper for use with, the area actually occupied, under color of title, cannot, with any approach to definiteness, be pronounced. There is, in this State, no custom, in that regard, of which we are aware. Ability to acquire a landed estate, coupled with a desire to do so, fixes the

[Marietta Fertilizer Co. v. Blair, et al.]

only territorial limit to such activities, upon or in the
soil, as farming, timber gathering or culture, and min-
ing.   The open, notorious, actual, hostile possession of
a part of the contiguous lands described in the color of
title, with claim in good faith to the whole, is the basis
of the presumption of notice, of adverse claim, to the
true owner.   Author, supra.   The extent of the area
to which the true owner has title cannot be a satisfac-
tory factor in determining the question of notice, of ad-
verse claim by the adverse occupant of a part under
color of title, to the true owner.   If that were accepted
as a factor, the question would at once arise, What re-
lation, in proportion, must the land actually occupied
by the adverse claimant under color of title bear to the
true owner's entire contiguous tract?   As appears, the
inquiry would submit a problem without definite min-
uend or subtrahend, and without rule whereby to ascer-
tain them.   Apart from this, however, it is but reason-
able to assume, as the law does, that the true owner,
regardless of the extent of his contiguous area, cannot
be ignorant *for ten continuous years* of an open, noto-
rious, actual, hostile possession, by another, under claim
to the boundaries defined in his color of title, of *any
part* of his lands.

Practically applying the pertinent doctrines we have
but restated, this court, in *Watson v. Mancill,* 76 Ala.
600, justified the right of the adverse claimant (Man-
cill) to 40 *acres of land,* notwithstanding the actual ad-
verse possession was of 1 *acre only,* accompanying a
claim to the whole 40.   The actual adverse possession,
in that case, was of 1-40th of the area adversely claimed.
Greater disproportion, in respect of the actual adverse
possession, of a part to the whole could rarely occur.

In the light of these considerations, the qualifications
of the general rule before stated, imported in some ex-

pressions, not necessary to the decision, in *Lawrence v. Alabama State Co.,* are dicta and are, hence, not authoritative; are not in accord with the settled rulings of this court.

In the case at bar the evidence fully justified the trial court in finding that from 15 to 20 acres of the half section in suit was actually cultivated, under adverse claim of ownership of the entire half section under color of title, for more than 25 years. Accordingly, the defendants (appellees) Donaldson were correctly adjudged to have acquired the title to the half section in question, and, in consequence, that the plaintiff should not recover.

We find no prejudicial error in the record. The judgment is therefore affirmed.

Affirmed.

SIMPSON, ANDERSON, MAYFIELD, and SOMERVILLE, JJ., concur.