# McMillan, *et al. v.* Aiken, *et al.*

*Bill to Settle Title to Land, and to Enjoin Trespass.*

(Decided May 15, 1913.   62 South. 519.)

1. *Adverse Possession; Extent; Color of Title.*—The possession of one who holds under a bona fide color of title will be extended to the limits described in the color, except as limited by other adverse holdings, and such possession as so extended is actual possession and not constructive.

2. *Same; Overlapping Grants.*—Where, for more than twenty years respondents have been in such possession, as the character of the land reasonably admitted, of land as to which both complainants and respondents had color of title under overlapping grants, the actual possession by complainant of a part of their grant was not extended. by their color of title to the land in question, although such actual possession commenced prior to respondent's possession of the particular land in controversy ; hence, it was error to enjoin respondents from trespassing on such land until they had established their title by an action at law, and the injunction will be so modified as to place the burden of suing upon complainants.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Norma Aikin and others, against B. F. Mc-Millan, Sr., and others to clear up and settle doubts concerning land, and to enjoin trespasses until respondents should establish their title by an action at law. From a decree granting the injunction respondents appeal. Reversed and rendered.

McMILLAN & GRAYSON, for appellant.   The court erred in admitting documents offered as exhibits G, and BB, as they were not certified copies of papers rendered admissible in evidence under article 2, chapter 84, Code 1907, since they are translations of some one's conclusions as to the effect of the original, and depend for their competency on sections 23, Toulmin's Digest, p. 239, and section 4, Toulmin's Digest, p. 696.   The com-

petency of such instruments as evidence depends on the local statute, and the two acts must be construed together.—*Doe v. Eslave,* 11 Ala. 1037; *Miller v. Vaughn,* 78 Ala. 323; *Dothard v. Shields,* 69 Ala. 135; 17 Cyc. 343. They are immaterial also, and do not profess to convey the lands involved. The court should have required complainants to bring the action at law, and his failure to do so constitutes reversible error.— *Hamilton v. Brent L. Co.,* 127 Ala. 78; *Doe v. Eslava, supra; Childress v. Galloway,* 76 Ala. 128; *Kellar v. Bullington,* 14 South. 466; *Wood L. Co. v. Williams,* 157 Ala. 73; *Montevallo M. Co. v. S. M. L. Co.,* 57 South. 377; *Rogers v. Brooks,* 105 Ala. 550. Under section 5955, Code 1907, no particular importance will be given to the findings of fact by the chancellor. Complainant had a plain and adequate remedy at law, and the injunction should not have been granted, or at least should not have been continued by court.—*Bolling v. Crook,* 104 Ala. 138; *Keller v. Bullington, supra; Soulis v. Sternfield,* 59 South. 56.

GREGORY L. & H. T. SMITH, for appellee. No brief reached the Reporter.

SAYRE, J.—Complainants in the court below, appellees here, sought by their bill to clear up and settle doubts and disputes concerning land which they claimed to own, and to enjoin, pendente lite, alleged repeated trespasses by which the timber upon the land was being destroyed. It was averred that the timber constituted the chief value of the land. The chancellor, after a submission upon pleading and proof for final decree, reached the conclusion that neither the bill nor the evidence taken in support of it showed that peaceable, uncontested possession essential to relief under the statute au-

thorizing bills to settle land title. Being of that opinion, he properly declined to adjudicate the disputed title, leaving that to be determined by an action at law. —*Hamilton v. Brent Lumber Co.*, 127 Ala. 78, 28 South. 698; *Ashurst v. McKenzie*, 92 Ala. 490, 9 South. 262. However, the evidence clearly established complainants' actual possession of a part of the land claimed by them for many years under bona fide color of title covering the entire tract, and, upon consideration of this and the further fact that "this was so when the defendants first entered upon the lands or obtained any conveyances thereto," he reached the conclusion that complainants' possession should be extended to the limits of their color of title, and that they were entitled to maintain their bill for an injunction until title could be determined by a suit at law. Accordingly he decreed that the preliminary injunction, which had been issued on the filing of the bill, should be continued in force for a reasonable time to allow defendants to establish their claim of title, thus putting the burden of the action at law upon the defendants.

On due consideration of the peculiar facts of this case, we think defendants have been assigned a position of unmerited disadvantage, and that the burden of the contemplated action at law should have been put upon the complainants. The parties on either side are claiming under paper titles which reach back to the time of the Spanish sovereignty in that part of the state. But their titles do not cover an identical tract of land. Their grants overlap, and the controversy relates to a tract of land common to the overlapping grants. As we read the record, the dispute is limited to an even more restricted area. Bayou Jessamine, referred to in some of the old grants as Bayou Forbeau, runs through the land common to the two colors. Complainants' actual pos-

session has been of land north of Bayou Jessamine, while the trespasses alleged against defendants are shown in the evidence to have been south of that water. The chancellor very clearly, as his opinion shows, proceeded upon the theory that complainants' possession of the land to the north of the bayou, under color of title extending below, drew to them a possession coextensive with the color, and so he treated complainants' case as if they had proved an actual possession of the entire tract claimed by them which had endured up to the time of the filing of the bill. The necessary effect of this ruling was to put defendants in the attitude of mere trespassers.

This court has often said that, except as limited by other adverse possessions, the possession of one who holds under bona fide color of title will be extended to the limits described in his color. Many cases to that effect are cited in *Marietta Co. v. Blair,* 173 Ala. 524, 56 South. 131. We have also said that the possession so extended by color is actual, not constructive, to the limits of the color.—*Marietta Co. v. Blair, supra.* That was also the language of *Bailey v. Blacksher Co.,* 142 Ala. 257, 37 South. 827, and of some of the cases cited in *Marietta Co. v. Blair, supra,* and the two cases named are referred to by the chancellor as authority for his decree.

The decree properly fixed the character of complainants' standing upon the tract claimed by them north of the bayou. It may be conceded, also, that the same is true of that part of the tract covered by complainants' color of title south of the bayou and lying outside of the color shown by defendants. Nor do we make any question about the soundness of the general principles enunciated in the cases aforementioned. But we think they afford no solution of the question raised in respect

to that part of the land covered by both colors of title, and upon which defendants are alleged to have committed trespasses. As affecting the question of trespasses and the proper placing of the burden of an action at law to determine title, defendants' answer and the proof taken by both parties showing acts of ownership on their respective parts has drawn at the bayou a clear line between the parties. For the settlement of the issues stated above, the claim of defendants is limited to that part of the land covered by its color south of the bayou, and up to that line we think defendants have established a possession sufficient to put the burden of action upon their adversaries.

Defendants' possession below the bayou has not been as long continued as that of complainants above, and that of the latter has in times long past been demonstrated by acts of ownership of which, it may be inferred, the land south of the bayou is not capable. But during the 20 years last past the two possessions have been of a sort, that of complainants not extending below, nor that of defendants above, Bayou Jessamine. On their respective sides the parties themselves, and their lessees and agents, have at frequent intervals, as the seasons and the stage of the water permitted, cut timber, and carried it away to market. Defendants and those through whom they claim have frequently visited the property, hunted over it, warned away trespassers, and have delimited their claims by surveys. There was also testimony on behalf of defendants tending to show that on two or three occasions complainants have disclaimed title to any part of the land south of the bayou. The evidence of these facts, which we have undertaken to state in a general way only, is spread over many pages of the record, and is furnished by many witnesses. We have not found it profitable to ·go further into de-

tails. By the evidence it is shown to our reasonable satisfaction that the defendants have had for a number of years such actual possession of the land south of the bayou covered by its color of title—or, to speak more accurately, of the standing timber on that land—as the character of the land and the nature of the disputed interest in it reasonably admitted. This conclusion of necessity destroys the operation in this case of the doctrine that complainants' possession and exercise of acts of ownership over the land north of the bayou under a color of title extending south of that water has vested in them the rights and advantages of and actual possession coextensive with the color under which they claim. It is impossible in the nature of things that two contending claimants can at one and the same time be in the actual possession of one and the same tract of land in such wise as to put upon both the burden of establishing their claims by suits at law. One or the other must hold the position of advantage. The decisions have spoken of a possession such as complainants claim by virtue of their color of title over the land south of Jessamine as actual. Where such possession is not ousted by an opposing possession in fact, it serves the purpose of an actual possession in cases of this character as well as in actions of ejectment, and doubtless that is what the decisions intend. It is nevertheless a fictional or notional possession; and, where reason and the facts so demand, it must be so treated. Since we cannot, on the bill as limited by the purpose for which the chancellor retained it, determine legal title, it follows in our judgment, on the facts as we have found them, that the burden of an action at law for the determination of the legal title to so much of the land south of Bayou Jessamine as is covered by defendants' claim of right and color of title should be put upon complainants.

[Edmonds, et al. v. Cogsdill.]

Accordingly the decree rendered below will be reversed and a decree here rendered continuing the injunction until the complainants shall have had a reasonable time to bring their action at law to recover the possession of the land in controversy, the injunction to be dissolved, and the bill dismissed on defendants' motion in the chancery court if such action be not seasonably instituted and diligently prosecuted by complainants. It will be left with the chancellor to require an additional bond, if, on consideration of all the circumstances, he shall be advised that the bond heretofore given is inadequate to the protection of defendants in the premises. —*Hamilton v. Brent Lumber Co.*, 127 Ala. 78, 28 South. 698. The costs of this appeal will be awarded against complainants (appellees); the disposition of the costs accrued and to accrue in the court below will await the final decree to be rendered in the chancery court.

Reversed and rendered.

ANDERSON, MAYFIELD, SOMERVILLE, and DE GRAFFENRIED, JJ., concur. DOWDELL, C. J., and MCCLELLAN, J., not sitting.