(78 South. 56)

AIKEN et al. v. McMILLAN.   (1 Div. 964.)

(Supreme Court of Alabama.   Nov. 15, 1917.
Rehearing Denied Feb. 16, 1918.)

1. APPEAL AND ERROR ⟨key⟩1057(1)—EXCLUSION OF EVIDENCE—HARMLESS ERROR.

Where defendants, after exclusion of a paper writing, connected themselves with title from the government through another channel, and the court clearly instructed that they had shown a perfect paper title, the exclusion was harmless, and not ground for reversal of judgment for plaintiff based on adverse possession.

2. ADVERSE POSSESSION ⟨key⟩114(1) — SUFFICIENCY OF EVIDENCE.

In suit to recover value of logs cut on a tract of land, title to which was in dispute between the parties, plaintiff's proof of title by adverse possession held insufficient for submission to jury, in view of principle that in case of mixed possession color of title is available to the holder of the true title only.

Appeal from Circuit Court, Baldwin County; A. E. Gamble, Judge.

Suit by B. F. McMillan against Norma Aiken and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Harry T. Smith & Caffey, of Mobile, for appellants. Brooks & McMillan, of Mobile, for appellee.

SAYRE, J. Some developments of the controversy between the parties have heretofore had consideration in this court. 182 Ala. 303, 62 South. 519, 189 Ala. 330, 66 South. 624. In this case the controversy takes the shape of a complaint, containing counts in trespass quare clausum fregit, trespass de bonis asportatis, and trover, in

which appellee sued appellants to recover, as the proof showed his purpose to be, the value of certain timber or logs cut by appellants on a tract of land the title of which is in dispute between the parties.

[1] As going to show title to the timber in controversy, defendants, after proving that they were heirs of Joshua Kennedy, offered in evidence a paper writing, dated August 27, 1806, from Louis Baudin to Joshua Kennedy. Appellants complain of the action of the trial court in excluding this instrument. The matter is not at all free from difficulty, but in McMillan v. Aiken, 189 Ala. 330, 66 South. 624, this court considered the identical question and ruled it against appellants on the ground that the instrument offered as a muniment of title did not purport to convey the land from which the timber in dispute had been cut. A reconsideration in the light of the argument now made against the trial court's ruling leaves us of the opinion that our former decision was correct. Moreover, the ruling was harmless to appellants in any event, for the reason that appellants afterwards connected themselves with title from the government through another channel, and the trial court very clearly instructed the jury that they had shown a perfect paper title to the tract in question. This meant, of course, that the evidence offered by appellants, apart from the paper writing in question, as matter of law sufficed to prove their paper title and put appellee to his proof of a title by adverse possession. This burden appellee assumed and carried to the satisfaction of the jury, and the main question on this appeal arises out of appellants' insistence that the evidence for appellee was not sufficient to take this issue to the jury.

[2] After a careful consideration of the record upon this point, our judgment is that the trial court's treatment of this question was erroneous. In this connection it must be stated that, while the parties in adducing evidence have been at issue as to the title of the land upon which grew the timber or trees in suit, this, however, for the purpose only of showing title to the trees, there was in 1898, and for 15 years thereafter, down to and including the date, in 1913, of the wrong alleged in the complaint, a severance by deed between the title of the trees in controversy and the title of the land upon which they grew; the title to the land being in Crosby, who had no connection with the parties to this cause except that he held under a conveyance from the Stockton Lumber Company, from whom also appellee claims to own the trees by grant. As we note in McMillan v. Aiken, 182 Ala. 303, 62 South. 519, the documentary titles under which the adversary parties claim do not precisely cover the same tract of land. Their grants overlap and this suit involves the title to timber grown on a tract common to the overlapping grants. This disputed tract is referred to in the record and in briefs as the "confliction." Territorily, the dispute is confined within even narrower limits. Bayou Jessamine, referred to in some of the old grants as Bayou Forbeau, runs through the land common to the two titles or colors under which the respective parties claim. The proof shows without conflict that the cutting alleged in the complaint was done on the land south of the bayou, and in like manner it shows that up to the time of the trespass alleged appellants have never been in the actual possession of the confliction below the bayou. For many years appellants have been in possession of their grant above the bayou, and at times have cut trees on that part of the confliction on that side. On the other hand, appellee by sundry, though not extensive, cuttings from year to year, by cutting a ditch, by surveys, warning off trespassers, and paying taxes, has during the period of the severance demonstrated acts of ownership which would have carried the question of his title acquired by adverse possession during this period to the jury, had he claimed also the land as well as the trees. Now the appellants, having regard to the court's instruction to the jury on the subject of their documentary title from the government heretofore mentioned, that by the same token Crosby had no paper title to the land nor any title by adverse possession, since he did no more than to pasture cattle thereon occasionally (Brannan v. Henry, 175 Ala. 454, 57 South. 967), and considering that under the rule of law stated in Chastang v. Chastang, 141 Ala. 451, 37 South. 799, 109 Am. St. Rep. 45, and Nearen v. State, 156 Ala. 156, 47 South. 338, where it was held, in common with the authorities generally (1 Am. & Eng. Encyc. [2d Ed.] p. 869, and the cases cited) that in case of mixed possession color of title is available to the holder of the true title only—on these considerations appellants insist that, in the nature of things, during the period of the severance at least, appellee, claiming no interest in the land as distinguished from the trees on it, had no possession, actual or constructive, of the trees in controversy, nor of any tree, until he went to cut them, and so that he could have had no possession such as would ripen into title under the statute of limitations. Our judgment is that the principle of law stated by the authorities, supra, on the facts found in this case, did so operate during the period of the severance indicated. Christopher v. Curtis-Attalla Lumber Co., 175 Ala. 484, 57 South. 837, holds nothing to the contrary. That case involved no question of title acquired by adverse possession as against the true owner, but only a question of notice.

As to the period antedating the severance: Appellee was a member of the firm of Robinson & McMillan, which took a conveyance

of the land in 1880. The title so acquired was in 1884 conveyed to one Pollock in trust for the creditors of Robinson & McMillan. In 1891 Pollock, the debts of Robinson & McMillan having been paid, conveyed to Stockton Lumber Company, which in 1909 executed an instrument the effect of which, as appellee. claims, was to vest in him the timber rights in the confliction which the Lumber Company has reserved to itself when making a deed of the land in 1898. In 1909 the lumber company conveyed its rights to appellee. It is thus seen that the period prior to the severance of the title between the land and the trees during which appellee claims that he and his predecessors in title held the land and the trees adversely to all the world, a period of 18 years, was bisected by a term of 7 years during which Pollock held as a trustee. True, the evidence tends to show that during this period appellee looked after the land in a general way as agent for the trustee, assessing and paying taxes for him. Possibly also some timber was cut during that period; but at what times, or how often, or how much does not appear. Whatever may be said of the other parts of the period before the severance, the evidence covering the period last mentioned hardly sufficed to carry to the jury the question of that period as a constituent part of the period of 10 years necessary to make out a title by adverse possession. It results that the question of adverse possession should have been withdrawn from the jury as requested by appellants.

Further, it results, the question between the parties should have been determined on the strength of their respective documentary titles. On this issue the court instructed the jury in favor of appellants. Appellee denies the propriety of that ruling, but that matter cannot be reviewed on this appeal. That this question may be fairly raised and determined without the embarrassment of the confusion imported into the case by the issue as to adverse possession, a new trial will be ordered.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.